UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

                                      CASE NO: 08-20410-PCH

vs.  :  SENTENCING MEMORANDUM

RICHARD DAVID HUPPER,  :

    Defendant.  :
_____/

    Defendant, RICHARD DAVID HUPPER, through counsel, files this sentencing memorandum in order to assist the Court in its determination of an appropriate sentence in the instant case. While sentencing is generally based upon consideration of numerous factors, including review of the Sentencing Guidelines, in this instance, the Court's discretion is requested as this case is not in the mainstream of cases. (*Gall v. United States*, 128 S.Ct. 586 (2007).

NATURE OF THE CASE

    As set forth below, as well as in the Pre-Sentence Investigation Report, Mr. Hupper had been arrested for filing a false passport application and is presently serving that sentence. Both that case and the instant case are inextricably intertwined. The passport sought was for Mr. Hupper to return to Israel and continue his work with Palestinian refugees. Mr. Hupper had been involved with a group known as ISM. His involvement in middle-eastern politics and charity came about as a result of a work related injury that prevented him from leaving his home. As a result, he watched various news programs concerning the plight of Palestinians caught in the tragic events of the Israeli-Palestinian conflict. His sense was that the Palestinians were not

receiving fair treatment at the hands of the Israeli government nor the press. At that time, David decided to do something to relieve the oppressive conditions he believed resulted in unfair arrests and imprisonments and to aid the families whose sons were in Israeli prisons and who had no other source of income once their bread winners were in custody.

David traveled to the middle east and began assisting ISM, a legitimate organization, with its charitable work. While David devoted time and effort to the plight of the Palestinian people, he also contributed funds to help the families feed and clothe themselves. There came a time, however, that funds were solicited without really identifying the "end user" of these funds. David was aware that funds that he gave, including a donation of approximately $20,000.00 was going to go directly to Hamas, the outlawed party of the Palestinians and considered a terrorist organization by the United States. David's position was that Hamas was the democratically elected government of the Palestinians and while aware that his actions of giving money to Hamas were a violation of the law, but he did so anyway. While his thinking may have been skewed in donating funds as well as time, he believed that what he was doing was helping people, not governments. As a result of his activities in Palestine, his Israeli visa was revoked and he was required to leave the country. Since he could not return Palestine to continue his work with his visa revoked, he attempted to obtain a false passport. This resulted in the charge that he is now serving his 2-year sentence.

David was charged in the instant case while still serving his original sentence that arose from the same set of circumstances. The present charges focused on the funds that were transferred to Hamas. When David was debriefed on the Pensacola case, he admitted to his actions and advised the agents as to his involvement.

## ACCEPTANCE OF RESPONSIBILITY

Richard David Hupper, known as David to his family and friends, has been incarcerated on the related charge, passport fraud, for almost 2 years.[1] The "passport" case arose in the Northern District of Florida and was presided over by the Honorable Lacy Collier. In that case, No: 3:06CR73-LAC, David pled guilty, accepted responsibility for his actions and was fully debriefed by government agents as to that and the instant case. David, in this case has accepted the responsibility for what he has done and his violation of the law.

Mr. Hupper has cooperated with the government in determining the nature and extent of his activities. He has acknowledged his wrongful actions both in his guilty plea and statement contained in the pre-sentence investigation report. It has been said that the first step of rehabilitation is admission of one's actions and acceptance of the actions that resulted in the criminal activity. David has done this. While it is solely within the Court's discretion to determine the nature of the sentence, these few pages are intended to hopefully give additional insight into the individual facing sentence and the purpose for the same. Although the Court is well aware of the purposes for sentencing, the within memorandum is a reflection as to the appropriate reasons for requesting a sentence that is seen as punishment but also to craft a sentence that is fair to the person being sentenced.

A.  The government has met with the defendant numerous times since the investigation of the instant charges began. David has acknowledged his involvement and has been fully debriefed as to his actions. He has admitted to his wrongdoing, both in writing to this court as

---

[1]. The instant charges arose from the same facts as the case for which Mr. Hupper is serving his sentence. The activity occurred more than 3 years ago.

well as to the government agents. The court's attention is invited to the fact that the last act in which this defendant actively participated was more than three years ago. David has been pursuing his education and became a licensed commercial dive instructor.[2] Letters attached to this memo indicate that he has tremendous potential and that his sentence takes into consideration the respect that he has from family and peers.

PURPOSE OF SENTENCING

David has almost completed the initial sentence. He is now to be sentenced for conduct that is similar to that which he is already being punished. Since this case does not require any mandatory sentence, and in light of the defendant's history, this court may craft a sentence that will accomplish all the goals that are set forth below without the need for Draconian sanctions.

The court has come to know through the charges in the indictment and the Pre-Sentence Investigation report. This does not reflect the true nature of David Hupper nor the reality of the person before the court for sentencing. While letters from family and friends add to the Court's insight, it is impossible to gain an understanding of an individual in a few pages intended to allow insight into a person's lifetime. However, this memorandum will attempt to give greater information to the Court in order to impose a meaningful sentence. With this limited information, the court is called upon to determine not only the length of or type of detention, but also the nature of the sentence. (i.e. Federal Prison, home arrest, etc.) In instituting the Federal Sentencing Guidelines, the generalized applicable rules and standards in sentencing for federal crimes have been the norms. While the change in the interpretation as to the effect of the

---

[2]. David has completed 3 years of higher education. He intends to obtain his degree as soon as he is able.

Guidelines in sentencing has been addressed by the Supreme Court, and its use as one factor in sentencing determination, the court is free to consider other information in crafting an appropriate sentence. This court is now free to weigh the factors that go into a sentence as it applies to <u>this</u> individual.[3] When the court is given its traditional role of assessing the defendant's conduct, more meaningful sentencing may then take place. The court must now decide on the purpose of the punishment.

## **PUNISHMENT ONLY**

David understands that he must be punished for his actions and is willing to accept the consequences of his illegal conduct. With this in mind, the Court's attention is invited to the fact that the sentence being served is part of the punishment for this case also.[4] Prior to his arrest he has, been studying and working full time in his new vocation. David has been goal oriented all his life and has always had gainful employment. Attached is a letter from a former co-worker, Charles R. Sporck, Jr., who, although substantially older than David, found him to be an intelligent person and hard worker. All who have written on his behalf are aware of his present situation and are still willing to give him moral support. (Please see: Letter of Stephen A. Huber, licensed clinical social worker).

If the sole object of the court's imposition of a sentence is to punish the offender, then David has been punished. He was well aware that the investigation was ongoing and the scrutiny that he was under. For the past two years he has been in custody and under government

---

[3] In *Gall v. United States,* 128 S.Ct. 586 (2007) as well as *Kimbrough v. United States,* 128 S.Ct. 558 (2007), much greater flexibility is given the Court in sentencing.

[4]. The PSI indicates that the court may sentence the defendant to concurrent time with the prior case.

supervision. David has admitted to his activities as well as his reasons for doing the same. He had met with the government agents to discuss his activities and has been truthful. If punishment and a sentence of imprisonment are a consideration, it must be viewed in the context of what useful purpose it may serve. While there is not doubt that David violated the law, it is true also that the punishment should fit the crime. No physical violence was employed. This scheme was neither novel nor sophisticated in the sense that there was any cover-ups or lack of admission. David has acknowledged what had taken place and supplied the government with a how and when he made donations. For an individual such as David, the punishment has been in the admission of guilt to this court, the embarrassment to himself and his family by admitting his wrongdoing as well as a being convicted felon. If punishment is merely to obtain retribution, then David will be punished for the rest of his life as a result of his activities. This is by no means an attempt to exculpate David from the crime that he committed. As previously stated, he has been in custody for almost two years. If punishment is the sole reason for imposition of a sentence, then it is believed that a prison sentence that gives consideration to the substantial time he has already served as well as a substantial period of supervision would serve this purpose. While punishment for punishment's sake is also a consideration under certain circumstances, the instant case does not require an additional penalty to be extracted for conduct that arose from the same facts as his present sentence. This was not a case in which the scheme was for enrichment or personal aggrandizement. The purpose was selfless in the sense that David wanted to help the less fortunate. His lack of sophistication and understanding as to the potential for misuse of funds that he sent resulted in the violation of the law.

**Rehabilitation:** If imposition of a sentence is to rehabilitate, the If the sole object of the

court's imposition of a sentence is to punish the offender, then David has been punished. He was well aware that the investigation was ongoing and the scrutiny that he was under. For almost two years he has been under government supervision to the extent that agents have met with him, spoken with him and watched his activities closely. He has never disappointed them with his candor and readiness to assist in any way asked. While there is not doubt that David violated the law, it is true also that the punishment should fit the crime. No physical violence was employed. This scheme was neither novel nor sophisticated in the sense that there was any cover-ups or lack of admission. Upon being confronted, David acknowledged what had taken place. For an individual such as David, the punishment has been in the admission of guilt to this court, the embarrassment to himself and his family by admitting his wrongdoing as well as a being convicted felon. If punishment is merely to obtain retribution, then David will be punished for the rest of his life as a result of his lapse in judgment. This is by no means an attempt to exculpate David from the crime that he committed. As previously stated, he has been incarcerated for almost two years. If punishment is the sole reason for imposition of a sentence, then it is believed that having David's new sentence run concurrently, *nunc pro tunc*, to the sentence he is presently serving. A substantial period of supervised release upon the completion of the sentence he is serving accomplishes this. Additional supervised release conditions can be imposed in this case to maintain court control over him. While punishment for punishment's sake is also a consideration under certain circumstances, the instant case does not require such a severe penalty to be extracted. This was not a case in which the scheme was for enrichment or personal aggrandizement. The purpose was selfless in the sense that David wanted to help the

less fortunate. It was the means of doing so that lacked sophistication and understanding.[5]

**"Warehousing"**: While the term "warehousing" is rarely if ever used when sentencing a person, it is one of the reasons that sentence is often imposed. If the purpose for sentencing is merely to "warehouse" individuals so that they will not be a threat to society or a concern to law enforcement then the cost and expense to do so should also be a consideration. Incarcerating David will require costs and expenses that are truly unnecessary in this case. David has two ruptured discs that will need surgery and a lengthy period of rehabilitation. He has the ability to contribute to society, and stated above, David intends to complete his bachelor's degree as he only needs two semesters to finish the requirements. Additionally, there is no question that prison sentences tend to institutionalize an individual. David does not need to be "warehoused." He is a threat neither to others nor to the community at large. In this case, the court has the ability to impose a community confinement sentence that would require intense supervision. David intends to continue his education and his employment if permitted by the Court upon termination of his initial sentence. Prison does not rehabilitate. It is for the sole purpose of warehousing. If we were to put it into purely economic terms, incarceration of David would be one of diminishing returns. It would be costly and the result would be to have him waste the opportunity that he has working and studying. Again, the nature of the sentence would serve no useful purpose to either society or to David. David has shown that he has the ability to be a positive asset to those who rely on him as can be seen by the attached letters. To place a person in a position where there is no hope for the future except to remain incarcerated, serves no useful

---

[5]. David understands that he must receive punishment for his crime. He is required to be under supervised release for 3 years after completing his first sentence.

purpose.

It is not only costly to the United States to provide housing and care and the day to day expenses outweigh any need for incarceration. As their only child, David's parents will be present for sentencing and have requested that counsel requests leniency on their behalf for their son. (David's parents have also sent the attached letters to request leniency for their son.) It is often said that the families suffer more than the prisoner. There is no question that the person should have thought about their actions and the effect on their family. If that were but true, there would virtually be no crime. Realistically, people do not consider the consequences of their initial foolish acts but to punish the family by incarceration serves no useful purpose. David loves and cares for his parents dearly and these feelings are mutual. These past year has been difficult for him under supervision as well as the stress of the possibility of a jail sentence. Warehousing would do little to make the streets safer. David is neither a violent individual nor one who would choose to continue in any sort of criminal behavior.

**Example to Others**: A lengthy jail sentence may serve to warn others that a violation of the law has serious consequences - among those, being sent to a prison facility. David understands the punishment of incarceration, having been in custody for the past 2 years. The realistic response is that most individuals do not think about the consequences before committing the crime. If this were so, the imposition of the death penalty would cause an individual to reflect on the likely outcome of the act and not commit the crime. We know that this is not the case. As a result, a sentence, such as the one to be imposed in the instant case, must be a notice that the kind of behavior to be punished will be dealt with on what should be a case by case basis. Had David been charged in the initial case with the instant counts, it is likely that Judge Collier

would have sentenced David to the same sentence he received in the first case. The prosecutor in the Northern District case advised the court of all of David's activities including the those for which he is being sentenced. While his rationale may be questioned, David's true purpose was for the noble, but mis-guided intent to help with bringing the peace process to the Middle East.

In this case, David has the ability to turn his life around and become an example to others that the system can work by showing compassion as well as punishment. It is this balance that is most difficult to achieve. A sentence that would not require further imprisonment in a federal facility but home confinement or some type of community control, is one that will show the community that the charges were serious and at the same time, that the punishment was just. This type of sentence would allow supervision as well as allow the continuing education and rehabilitation that a sentence should seek. It is requested that the court consider alternatives to additional incarceration.

## **RESPONSE OF FAMILY AND FRIENDS**

David has touched many lives in a positive way. All who know him believe that he can be a role model and is a caring and hardworking person. He has been a devoted, compassionate and considerate son. At this point in his life, his main goal is to return to his family and be a productive member of the community. The past 2 years have shown to all who know David that, if the Court will impose the minimum sentence, he can be an example of how the "system" can actually work. It is requested that the Court consider all the above when determining an appropriate punishment. A draconian sentence will do nothing to improve the criminal justice system nor the community in general. David is requesting that the court consider all the above favorable factors and determine that continued incarceration is not needed in this case and that a

less imposing sentence may be considered. The time already served by David and the lack of any institutional problems indicate that David has been rehabilitated. He has sought a new career as an a licensed professional diver, has completed school and been certified for the same. As a result of his continuing to become a contributing member of the community, he had been working in his new profession prior to voluntarily reporting to serve his previous sentence. He does not need additional rehabilitation as he is well on his way to again being a productive member of this community. Rehabilitation has been accomplished in this case. David has been in prison, does not wish to go back and doesn't want to serve additional time. He wants to be released and become a productive individual. He has in fact "learned his lesson". Additional prison time would do nothing to further rehabilitation. It would not only be counter- productive but a waste of resources, both for the prisoner and the prison. No benefit could be gained either by the individual or the "system".

## CONCLUSION

It is requested that the court consider the above as well as the fact that David immediately came forward to acknowledge his guilt. He is a bright and thoughtful individual who has much to give. Knowing that he may face an additional prison sentence has had a substantial effect on him yet he remains positive and holds no one responsible except himself. On behalf of David, it is request that he receive a sentence that would embody the purpose set forth in the guidelines in factors that should be considered. Letters from family, friends and coworkers attest to the type of person that David is. The nature of the sentence requested will allow Richard David Hupper to

be an asset rather than a liability to society.

Respectfully Submitted,

NEAL R. LEWIS
Attorney for Richard David Hupper
9130 South Dadeland Boulevard
II Datran Center - Penthouse 1A
Miami, Florida 33156
Fl. Bar No: 249599
Tel: (305) 254-2285
Fax: (305) 254-2288

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing SENTENCING MEMORANDUM was mailed this 31st day of July 2008, postage prepaid to:

Allyson Fritz, Esquire
Office of the United States Attorney
99 N.E. 4th Street
Miami, Florida

NEAL R. LEWIS

49 Reynolds Mill Rd.<br>
York, Pa. 17403

June 15, 2008

Honorable Paul C. Huck
United States District Courthouse
301 North Miami Avenue
Miami, FL 33128

Dear Judge Huck:

It is my pleasure to write you a letter requesting that you exercise as much discretion as possible when establishing the sentence for my son, Richard David Hupper. I am aware that David has entered a plea of guilty. It is my belief that the law he violated could include a large variety of actions on the part of the guilty party. However, it is my understanding that those activities that David admitted could clearly be considered the least offensive covered by this law. It is my prayer that you will render a sentence commensurate with the specifics of David's action and the minimal impact his action had on society.

Further, it is in David's favor that on each and every occasion when he had an opportunity to communicate with federal officials he was cooperative and truthful. This attitude should be honored with a sentence that is less than what the normal guidelines require.

The specifics that serve as the basis for David's guilty plea were activities that did not benefit him personally. None of his activities were violent in fact, some people may consider them to be humanitarian.

David is clearly of above average intellect. He has completed three years of college and expressed interest in securing his Bachelors Degree when he returns to society. The sooner he can begin this effort, the sooner he will be able to become a productive member of society. He is an excellent student and puts one hundred and ten per cent into his studies. He is a computer whiz and helps many people with computer problems. It is conceivable that he may find work in this area in the future: a valuable asset in our twenty first century.

David's incarceration has not been good for his health. He has suffered significant pain due to a spinal infliction that has not been diagnosed as of this writing. David could attend to his medical needs if he were permitted "house arrest" or the shortest possible sentence.

English as a second language, or any other tutoring or mentoring capacity. David is also an apt pupil and a fast learner, thus any work release program which would be of benefit to the greater society would also be a viable option. I have found David to be a man of nearly limitless potential, thus I implore you to consider any possible alternative to a lengthy term of incarceration. I wish I was able to do a more proficient job of explaining the caliber of individual David is, but I ask you to consider the information I have provided before sentencing and opt for leniency if you see fit.

Sincerely,

Stephen A. Huber, M.S.W., L.S.W.
Licensed Clinical Social Worker

Charles R. Sporck Jr.
617 Mayflower Avenue
Fort Walton Beach Florida 32547

Honorable Paul C. Huck
United States District Courthouse
301 North Miami Avenue
Miami Florida 33128

July 06, 2008

Honorable Paul C. Huck:

Your Honor, I write in reference to David Hupper. I met David in 1999 at which time we worked together in an aircraft engine machine shop. David and I worked together on second shift for 5 years and I got to know him pretty well. I was in my 50's and he was a in his 20's, but despite our age difference we be came good friends. I believe David to be a good person, and I know that he has plead guilty to the charges against him, but I plead with the court to be lenient with David. David has always been a very responsible and generous person. He always came to work every day on time and was willing to help you with anything. David is the type of person that always thinks about the under dog and the less fortunate. I have talked to him a good bit since his incarceration and I believe he has learned his lesson and will never be involved in such things again. I plead with the court to depart from the federal guidelines and allow a lower level sentence.

Charles R. Sporck Jr.